FILED

AUG 1 1 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

United States District Court
For The District of Columbia

In Re: Marcial Navarro Rodriguez
Federal Register Number 23788-069
U.S.P. Allenwood
P.O. Box 3000
White Deer, Pa. 17887

vs

USA   Petition For A Writ of mandamus

CASE NUMBER   1:06CV01428

JUDGE: Unassigned

DECK TYPE: Pro se General Civil

DATE STAMP: 08/11/2006

CASE RE-ASSIGNED

URBINA, J. RMU

OCT 3 0 2006

Now comes the Petitioner, Marcial N. Rodriguez who petitions
the Court to issue a writ of mandamus against the Federal
Bureau of Prisons to show cause why the Bureau is refusing to
release documents relating to the Commonwealth of Puerto Rico's
Department of Corrections Director relinquishment of primary
jurisdiction to the Bureau of Prisons authorizing his confine-
ment in a Federal Penitentiary instead of the state prison
of Puerto Rico from whence petitioner came prior to his
federal sentence,... which is disclosable under the Freedom
of Information Act, 5 USC § 552.

Jurisdiction

28 USCA § 1651 (a) The All Writs Statute

The provisions of 28 USCA § 1651 permits this Court to exercise
jurisdiction otherwise obtained and to issue any writ necessary
or appropriate in aid of its jurisdiction agreeable to the usages
and principles of law. US v. Fields, 193 F 2d (2d Cir.) cert.

RECEIVED

JUL 2 6 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

den., 342 US 894 (1951). Such writs are entirely permissive in nature, but no result of entry of a particular order is mandated. Additionally, relief under 1651 is available where no other adequate remedy is available, and there is a clear right thereof. In re School of Asbestos Litigation, 921 F 2d 1310 (3d Cir.) cert. den., 111 S. Ct. 1623 (1992).

The inadequacy of other remedies present here for 28 USC 1651 purposes is also relevant to the following section. The unavailability of other remedy requirement of §1651 would not seem to negate the unavailability of remedy requirement for jurisdiction under 28 USC §1361 as described below. Further, here, there is no other remedies available to the petitioner to make the Bureau release information under its own statutes and laws.

28 USCA §1361 - The mandamus act provides that this Court has original jurisdiction to compel an officer, employee or agency of the United States thereof to perform a duty owed to the plaintiff. The availability of mandamus requires inadequacy of other remedy and indisputable right to this remedy in the same way as other writs which might be utilized by the Court. By a parity of reasoning, this Court should have jurisdiction to act under this statute as well as in these circumstances.

Facts

In April 2006, by certified mail number 7002 0510 0000 4712 2030, petitioner Rodriguez sent a Freedom of Information Act request to the FOIA of the Federal Bureau of Prisons. Petitioner requested a copy of: (1) computation sheets from Puerto Rico; (2) computation sheet of his federal sentence (which USP Allenwood officials have refused to provide); (3) a copy of any documentation or letters from Puerto Rico authorities releasing primary custody over petitioner from his Puerto Rico state sentence to begin service of his federal sentence imposed in 2004; (4) a copy of the writ of habeas corpus ad prosequendum used to pick him and several co-defendants up from state custody in May 2003, and never returned petitioner back to state custody following sentencing on his federal case, among other things.

The Bureau of Prisons Freedom of Information personnel refused to assign petitioner with an identification file number required under the FOIA. After an elapse of more than one month, and not receiving any communications, petitioner Rodriguez sent a notice of appeal to the Bureau of Prisons in May 2006, appealing the implied denial of petitioner's Freedom of Information Act request without reason, explanation and, an identification number.

On or about June 9, 2006, the Bureau, through the N.E. Regional Office, finally assigned the FOIA request number 2006-05818, but never provided requested documents. Finally, in July 2006, the prison officials at Allenwood did release a copy of the Computation Data Sheet for his Puerto Rico sentence but, however, not the Federal computation sheet, writ to remove him from the state prison in Puerto Rico, nor papers showing that Puerto Rico turned over jurisdiction of him to the Federal Bureau of Prisons.

### Reasons For Granting Mandamus

Petitioner has made several requests for documents showing that Puerto Rico has given up its custody over the petitioner to no avail, as well as, other documents relating to confinement in the Federal prison system. The information sought is disclosable under the Freedom of Information Act, and pertains to petitioner's custody within the Federal Bureau of Prisons since 2003.

Since sending the FOIA request and appeal to the Bureau of Prisons, no further actions have been taken to provide copy(s) of the paperwork showing Puerto Rico's release of authority and custody of him to the Bureau of Prisons after sentencing in 2004. Petitioner therefore has exhausted his administrative remedies for the purpose

of review. See Pollock v. DOJ, 49 F3d 115, 118 (4th Cir. 1995); Taylor v. Appleton, 30 F3d 1365, 1367 (11th Cir. 1994); McDonnell v. US, 4 F3d 1227, 1240-1241 (3d Cir. 1993).

When an agency doesn't respond to a perfected request within 10-days statutory time limitation, 5 USC §552 (a)(6)(ii), the requester is deemed to have exhausted administrative remedies, and can seek immediate judicial review even when the requester has not filed an administrative appeal. Pollock, 49 F3d at 118-19; Virginia Transformer Corp v. US Dept of Energy, 628 F. Supp. 944, 947 (W.D. Va. 1986).

Regardless of whether the agency's response is timely, the requester's exhaustion of obligation may be excused if the agency's response fails to supply notice of the right to file an administrative appeal, 5 USC §552 (a)(6)(A)(i). Ruotolo v. DOJ, 53 F3d 4, 9 (2d Cir. 1995).

Whenever any agency (or personnel) refuses to comply with an individual request under section (d)(1) of this section [individual may bring a civil action against the agency]. 5 USC §552a (g)(1)(B) and courts can enjoin the agency from withholding records and order their production to the individual. See 5 USC §552a (g)(3)(A).

Therefore, petitioner Rodriguez's right is clear, because

the information is releaseable and not exempt from dis-
closure under 5 USC § 552a, 552; he has exhausted all
available administrative remedies; this Court should grant
the writ for the Bureau of Prison and personnel refusal and
failure to adhere to Federal law (FOIA), the Privacy Act,
statutes, regulations, P.S. 1351.05, 28 CFR § 513. Compare
<u>Greentree v. US, Customs Service</u>, 674 F2d 74, 79 (DC Cir. 1982).

   An individual's access request for his own records main-
tained in a system of records should be processed under
both the Privacy Act and the FOIA, regardless of the statute
cited. H. R. Rep. No. 726, 98th Cong. 2d Sess., pt 2, at 16-17
(1984), reprinted in 1984 to include subsections (t)(2),
Since no Privacy Act exemptions applies, or FOIA exemp-
tions, petitioner Rodriguez should receive his records, see
5 USC § 552a(t)(1). <u>Martin v. Office of Special Counsel</u>,
819 F2d 1181, 1184 (DC 1987).

                    Conclusion

   Wherefore, for the foregoing reasons, petitioner Rodriguez re-
spectfully prays that his writ be granted.

                    Respectfully Submitted
                    Marcial M. Rodriguez
                    Federal No. 23788-069
                    USP Allenwood
                    P.O. Box 3000
                    White Deer, Pa. 17887

Certificate of Service

I, Marcial N. Rodriguez, certify that a true copy of the original mandamus was mailed, first class, this 14 day of July 2006, and sent to: U.S. Attorneys Office for the District of Columbia, 555 4th St. N.W., Wash., D.C. 20530, US DOJ.

Marcial N. Rodriguez

Marcial N. Rodriguez
No. 23788-069
USP Allenwood
P.O. Box 3000
White Deer, Pa. 17887

U.S. Department of Justice

Federal Bureau of Prisons

Northeast Regional Office

U.S. Custom House - 7th Floor
2nd & Chestnut Streets
Philadelphia, PA. 19106

June 9, 2006

Marcial Navarro-Rodriguez, Reg. No. 23788-069
United States Penitentiary - Allenwood
P.O. Box 3000
White Deer, Pennsylvania    17887

06 1428

RE:    Freedom of Information Request No. 2006-05818

Dear Mr. Navarro-Rodriguez:

This is in response to your request for information received by
this office on April 14, 2006.  You seek a copy of records
maintained by the Federal Bureau of Prisons regarding you.

In accordance with Bureau of Prisons' Program Statement 1351.05,
<u>Release of Information</u>, you may seek a local review of your
central file by contacting staff at your institution to make
arrangements for review.  Copies of disclosable documents may be
obtained locally.

I trust this has been responsive to your request.

**FILED**

Sincerely,

AUG 11 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Henry J. Sadowski
Regional Counsel

**U.S. Postal Service**
**CERTIFIED MAIL RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

WASHINGTON, DC 20534

| | | |
|---|---|---|
| Postage | $ | 37 |
| Certified Fee | | 240 |
| Return Receipt Fee (Endorsement Required) | | |
| Restricted Delivery Fee (Endorsement Required) | | |
| Total Postage & Fees | $ | 277 |

4-4-06

Sent To  FOIA PERSONNEL
Street, Apt. No.,  FEDERAL BUREAU OF PRISONS
or PO Box No.  320 FIRST ST. N.W
City, State, ZIP+4  WASHINGTON, DC 20534

PS Form 3800, January 2001                    See Reverse for Instructions

7002 0510 0000 4712 2030