UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED
SEP 0 5 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

In re: Marcial N. Rodriquez          CIVIL ACTION NO-06-1428

  Petitioner

## INFORMATIVE MOTION

Petitioner, Marcial Navarro Rodriguez, submits the instant pro se motion, and states:

Petitioner submitted his pro se writ of mandamus to this Court for filing against the Federal Bureau of Prison for its refusal to turn over or release documents requested by him under the Federal Freedom of Information Act, 5 USCA§ 552, as well as, failure to provide petitioner with an Identification File number.

On August 11, 2006, this Court mistakenly filed petitioner's mandamus as a civil action complaint in direct conflict with the Supreme Court's decision in Castro, 124 S.Ct. 786 (2003) which requires the Courts to provide notice to a petitioner before converting or recharacterizing his action other than what was filed. Such was not the case herein.

Moreover, because this court's recharacterization of petitioner Rodriguez's mandamus as a **civil action**, the court attempts to charge and, is charging petitioner a $350.00 filing fee, although mandamus petitions do not fall under the language in the Prison Litigation Reform Act of 1996.  See e.g. Madden v. Myers, 102 F 3d 74 (3rd Cir. 1996)(filing fee requirements don't apply to bona fide mandamus petitions) Martin v. U.S., 96 F.3d 853 (7th Cir. 1996)(The Act does not apply to petitions for a writ of mandamus filed in cases where the underlying litigation is a petition for a writ of habeas corpus).

In this case, mandamus is submitted because the Federal Bureau of Prisons refuses to process his Freedom of Information Act requests, which

4

cannot be filed as a lawsuit against the United States unless all of petitioner's Administrative Grievances have been exhausted and filed, see 42 usca § 1997e(a) et seq. Compare In re Tyler, 1997 U.s. App. LEXIS 6186 (8th Cir. 1997)(filing fee requirements apply to mandamus petition arising from an ongoing civil rights lawsuit...) In re Nagy, 89 F.3d 115 (2nd Cir. 1996)(same).

Because petitioner Rodriguez does not seek a lawsuit against the United States (which is not a respondent to this action) but, a mandamus against the Bureau of Prisons, filinf fees of $350.00 should not be applied in this case and, under this above circumstances.

Accordingly, petitioner Rodriguez respectfully requests that the instant petition be granted and in forma pauperis allowed.

Respectfully submitted

Marcial N. Rodriguez 23788-069
USP Allenwood
P.O. Box 3000
White Deer, Pa. 17887

CERTIFICATE OF SERVICE

I, hereby certify that a true copy of the above were mailed, together with the mmroandum of Points of Law, this 31 day of August 2006, and sent to: US District Court, 333 Constitution Avenue N.W., Washington, D.C. 20001 and U.S. Attorneys Office, 555 Fourth Street N.W., Wash., D.C. 20001.

Marcial N. Rodriguez Pro Se

Page Two

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

IN RE: MARCIAL N. RODRIGUEZ

    Petitioner                           CIVIL ACTION NO. 06-1428

MEMORANDUM OF LAW IN SUPPORT

1. Rule 7(b) Fed. R.Civ.Pro.

2. Cited authorities herein.

*/s/ Marcial Navarro Rodriguez*
Marcial N. Rodriguez
USP Allenwood
P.O. Box 3000
White Deer, Pa. 17887

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

IN RE: MARCIAL N. RODRIGUEZ

Petitioner                                  CIVIL ACTION NO.06-1428

PROPOSED ORDER

Upon consideration of the pro se Petitioner Rodriguez's motion, review of the entire records, and any opposition thereto by the Government, it is this _____ day of _____, 2006, hereby:

ORDERED: That petitioner position is well taken and therefore; the pro se motion is Granted, and leave to proceed without payment and costs is further granted.

_____
U.S. District Court Judge Presiding

cc: All parties of records